UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                    )
**LIVE NATION**                     )
**MERCHANDISING, INC.,**            )
                                    )
       **Plaintiff,**         )   **CIVIL ACTION NO.**
vs.                                 )
                                    )
**JOHN DOES 1-100, individuals,**   )
**JANE DOES 1-100, individuals,**   )
**and XYZ COMPANY, business**       )
**entity form unknown, inclusive,** )
                                    )
       **Defendants.**        )
_____)

# COMPLAINT FOR VIOLATIONS OF THE LANHAM ACT

Plaintiff Live Nation Merchandising, Inc., files this complaint against defendants, alleging as follows:

## JURISDICTION AND VENUE

1.    This action arises under the Lanham Trademark Act 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"). Accordingly, this Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1221 and 28 U.S.C. §§ 1338(a), (b). Venue in this district is proper under 28 U.S.C. § 1391(b).

## PARTIES

2.    Live Nation Merchandising, Inc. ("Plaintiff") is a California corporation with its principal place of business in San Francisco, California.

3.    Defendants John Does 1-100, Jane Does 1-100 and XYZ Company who are sued herein under fictitious names because their true names and capacities are unknown at this time. This complaint will be amended when their true names and capacities are ascertained.

4. Upon information and belief, the individual defendants will be present in and about the District of Massachusetts in connection with the claims asserted below and are or will be subject to the jurisdiction of this Court.

5. On information and belief, defendant XYZ Company through its agents, servants and employees, is or will be present in and about the District of Massachusetts and is or will be subject to the jurisdiction of this Court.

6. Defendants, and each of them, are individuals and business entities who, upon information and belief, are acting in concert and active participation with each other in committing the wrongful acts alleged herein.

7. Defendants John Does 1-100, Jane Does 1-100, and XYZ Company are hereinafter referred to collectively as "Defendants."

## THE BACKGROUND OF THE ACTION

8. Plaintiff is engaged in the manufacture, distribution and sale of various types of merchandise sold and distributed at concerts and at retail stores of musical performing artists and groups, including tour and program books, T-shirts, jerseys, sweatshirts, hats, buttons and posters (collectively "Merchandise") which embody the names, likenesses and trademarks of various musical performers and groups.

9. The artist known as **"ROGER WATERS"** (the "Artist "), is the trademark used by this musical artist in connection with his performing, recording, merchandising and other related goods in all aspects of the entertainment industry and to distinguish his services from all other such artists. The Artist has used his mark in connection with his recording and performing services for nearly 40 years.

10. Pursuant to an agreement between the Artist and Plaintiff (the "Agreement"), Plaintiff possesses the exclusive right to utilize all trademarks, service marks, likenesses and logos of the Artist (collectively, the "Artist's Trademarks") on and in connection with Merchandise ("Tour Merchandise") sold and offered for sale in the vicinity of the Artist concerts on his North American concert tour (the "Tour").

11. The Artist has a decidedly strong and loyal following among those who attend popular music concerts and record buyers. The Artist has appeared in concerts at major arenas and stadiums in the United States, Canada, and throughout the world and the Artist been seen and heard in concert by millions of popular music enthusiasts. The Artist is so popular that many performances for the Tour are nearly sold out.  The Artist, individually or with his group "Pink Floyd" has sold over 75 million units of recordings.

12. As a result of the foregoing, the Artist's Trademarks have developed and now possesses secondary and distinctive meaning to purchasers of the Tour Merchandise bearing any or all of the Artist's Trademarks.

13. Plaintiff and the Artist annually realize substantial income from the sale of the Tour Merchandise bearing the Artist's Trademarks, and hundreds of thousands of such items have been sold throughout the United States.

14. On September 30, October 1 and October 3, 2010, at the TD Banknorth Garden in Boston, Massachusetts, the Artist will perform (the "Concerts").

15. Pursuant to the Agreement, the Artist has granted to Plaintiff the exclusive right to market articles of clothing and other Tour Merchandise bearing any or all of the Artist's Trademarks at or near the site of the Concerts and at all other arenas and stadiums in which the Tour will perform. The authorized Tour Merchandise bearing any

or all of the Artist's Trademarks will be distributed throughout the United States in connection with the Tour.

## **DEFENDANTS' UNLAWFUL CONDUCT**

16. On information and belief, Defendants will sell and distribute unauthorized T-shirts, jerseys, caps and/or other merchandise bearing any or all of the Artist's Trademarks (the "Unauthorized Merchandise") in the vicinity of the Concert before, during and after his performance, and at subsequent concerts during the Tour.

17. The Unauthorized Merchandise is of the same general appearance as Plaintiff's Merchandise and is likely to cause confusion among prospective purchasers. Defendants' Unauthorized Merchandise is not authorized by the Artist or Plaintiff.

18. The Unauthorized Merchandise sold and to be sold by Defendants is generally of inferior quality. The sale of such merchandise has injured and is likely to injure the Artist's reputation which has developed by virtue of his public performances and the reputation for high quality associated with Plaintiff and its Tour Merchandise.

19. The aforesaid acts by Defendants and others are likely to cause the purchasing public to believe that the sale of such Unauthorized Merchandise is authorized, sponsored or approved by the Artist and/or Plaintiff and that such Unauthorized Merchandise is subject to the same quality control and regulation required by the Artist and/or Plaintiff, despite the fact that this is not true. It also injures Artist and Plaintiff in that Defendants do not have to pay any royalty for these unlawful sales.

20. The aforesaid manufacture, distribution and sale of Unauthorized Merchandise bearing the names, trademarks and/or likenesses of the Artist constitutes a false designation of the source of origin of such goods and falsely describes and

represents such merchandise.  The use by Defendants and others of the Artist's Trademark also constitutes an attempt to palm off and appropriate to themselves the Artist's and Plaintiff's exclusive rights therein.

21. Upon information and belief, Defendants and others have and will continue to engage in such unauthorized activities in this state and elsewhere in interstate commerce and are likely to continue such activities throughout the Tour, to the great injury of Plaintiff and the Artist.

22. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Lanham Act)**

23. Plaintiff realleges each allegation set forth in the paragraphs above.

24. By reason of the foregoing, Plaintiff hereby asserts a claim against Defendants for injunctive and monetary relief pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), with regards to the false designation of origin and false descriptions and representations in commerce of Defendants' Unauthorized Merchandise.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff seeks relief against Defendants as follows:

A. As to the Claim For Relief, that Defendants, their agents, servants, employees, officers, attorneys, successors and assigns, and all persons acting in concert with them, be enjoined in this and all other judicial districts in the United States, preliminarily during the course of this litigation and permanently from: 1) manufacturing, distributing, selling, offering for sale, holding for sale or advertising any products, merchandise or goods bearing the name, trademark, or likeness of the Artist or any colorable variation or

imitation thereof; and 2) representing that any products, merchandise or goods manufactured, distributed, sold, held for sale or advertised by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

B.   That this Court order the United States Marshal, the local and state police or sheriff, off duty officers of the same, authorized agents of Plaintiff, and/or any persons acting under their supervision to seize and impound any and all Unauthorized Merchandise which the Defendants attempt to sell, distribute or hold for sale at, within or in the vicinity of the arenas at which the Artist is performing, whether this occurs before, during or after the concerts on the Tour.

C.   That Defendants deliver up for destruction any and all Unauthorized Merchandise, that Defendants pay to Plaintiff damages in an amount to be determined and Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems to be just and proper.

Dated: September 20, 2010

Respectfully Submitted
LIVE NATION MERCHANDISING, INC.
By Its Attorneys
 /s/ M. Lawrence Oliverio
M. Lawrence Oliverio, Esq., BBO #378755
Rissman, Hendricks & Oliverio LLP
100 Cambridge Street, Suite 2101
Boston, Massachusetts 02114
Tel: (617) 367-4600; Fax: (617) 367-4656

Cara R. Burns, Esq. (Cal. Bar # 137557)
Hicks, Mims, Kaplan & Burns
3250 Ocean Park Blvd, Suite 350
Santa Monica, California 90405
Tel: (310) 314-1721; Fax: (310) 314-1725